## HARRY ARONSON v. CITY OF ST. PAUL.[1]

December 7, 1934.

No. 30,100.

Weikert, Lohmann & Felhaber, for appellant.

Lewis L. Anderson and Hilary J. Flynn, for respondent.

[1]Reported in 257 N. W. 662.

HILTON, JUSTICE.

Plaintiff brought this action as father and natural guardian of one Harry Aronson, a minor of seven years, to recover damages for personal injuries to the latter alleged to have been sustained because of a defective sidewalk located in the defendant city. Whether proper notice had been given was made an issue by the pleadings. At the opening of the trial defendant moved for a dismissal on the ground that the notice was not legal for the reason that it was served on the mayor of the city of St. Paul and not on the governing body or the clerk of the governing body. The trial court granted defendant's motion, and the action was dismissed. When making its order of dismissal the court stated:

"In this case it appears that the notice of claim herein against the city was served by handing the same to the clerk or secretary of the mayor and later actually received by him. There is no showing that this notice of claim was ever presented to the council or other governing body of the city."

The briefs indicate that the notice reached the office of the corporation counsel and was there filed, and that it did not reach the office of the city clerk.

The controlling statute, 1 Mason Minn. St. 1927, § 1831, provides:

"Every person who claims damages from any city, * * * for or on account of any loss or injury sustained by reason of any defect in any bridge, street, sidewalk, * * * or by reason of the negligence of any of its officers, agents, servants or employes, shall cause to be presented to the common council or other governing body, within thirty days after the alleged loss or injury, a written notice, stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. No action therefor shall be maintained unless such notice has been given; * * *."

The charter of the city of St. Paul has a similar provision (§ 184) which requires that the injured person, or someone in his behalf, "shall give to the council of said city, within thirty days after the alleged injury, notice thereof; * * *."

The question here is whether a notice of claim for injuries against a municipality served upon the mayor thereof and never reaching the city council was sufficient service to satisfy the above quoted statute. That question has been before this court before, and it has been held definitely that service on the mayor of a municipality was not legal service. Doyle v. City of Duluth, 74 Minn. 157, 76 N. W. 1029. That case and the case of Lyons v. City of Red Wing, 76 Minn. 20, 22, 78 N. W. 868, 869, suggested the manner in which proper and orderly service may be made upon the city council. "It may be directed to the council, and left with the clerk or officer who has charge of the records and files of the council, with a request annexed that it be laid before the council at its next meeting." Plaintiff has no criticism of those cases, but argues that a different ruling should here be applied for the reason that in the city of St. Paul the council consists of seven members, viz. six councilmen and the mayor, who is the presiding officer. This contention is not tenable. The files and records of the council are kept in the office of the city clerk, who performs the usual functions of that position. No such records are kept in the office of the mayor. The statute in question applies to all municipalities of the state. Bausher v. City of St. Paul, 72 Minn. 539, 75 N. W. 745; Doyle v. City of Duluth, 74 Minn. 157, 76 N. W. 1029. The rule applied is a salutary one and should be adhered to. The circumstance that in St. Paul the mayor has a vote as councilman and presides at its meetings is not of any significance. It is not necessary to consider cases from other jurisdictions.

Affirmed.

LORING, JUSTICE (dissenting).

I think that where, as in St. Paul, the mayor is a member and the presiding officer of the council, service upon him is giving notice to the council. In the Doyle case, 74 Minn. 157, 76 N. W. 1029, the mayor was not even a member of the council. The statute and the charter provisions are harsh restrictions fixing an extremely brief period for the presentation of claims. No method or guide for presentation to the council is prescribed, and we should not add

to the hardship imposed on injured persons by a strict, narrow, or technical construction of a statute or charter so harsh in its requirements. I am in accord with the views expressed by the appellate division of the supreme court of New York in McIntee v. City of Middletown, 80 App. Div. 434, 437, 81 N. Y. S. 124, 126, where, after stating that these short limitations are in derogation of the common law, the court said:

"The plain object of statutes of this character is to provide means by which a city may better guard against the imposition of unfounded claims by being at once informed of their existence, so that the officers may the more readily pursue an investigation of their merits than if longer postponed. It could not have been the purpose of the legislature to deny to the party injured by the negligence of a city any remedy against it, nor to unnecessarily embarrass parties in the enforcement of their rights, and the tendency of the decisions is to hold that a substantial compliance is all that is necessary in cases of this character."

DEVANEY, CHIEF JUSTICE (dissenting).
I agree with Mr. Justice Loring.