WILLIAM J. HOLSMAN, BY VERNON A. RAHIER,
HIS GUARDIAN AD LITEM, v.
VILLAGE OF BIGFORK.

172 N. W. (2d) 320.

September 5, 1969—No. 41450.

*Montague, Applequist, Lyons, Nolan, Donovan & Knetsch* and *Charles T. Barnes,* for appellant.

*Spellacy, Spellacy & Lano,* for respondent.

Heard before Knutson, C. J., and Murphy, Sheran, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

Plaintiff child, 5 years of age, suffered a serious eye injury from an exploding firecracker thrown by another child during a Fourth of July celebration in the village of Bigfork, Minnesota. An action was commenced on his behalf against the defendant municipality on the grounds that the village was negligent in failing to provide adequate police protection with respect to the illegal sale and explosion of firecrackers within the village. Notice of the claim was not filed with the village, however, until September 10, 1966, 68 days after the injury occurred. The action was commenced on December 16, 1966.

Minn. St. c. 466 permits tort actions against municipalities, subject to certain exceptions and conditions. Section 466.05, subd. 1, put in issue by defendant's motion to dismiss, provides:

"Every person who claims damages from any municipality for or on account of any loss or injury within the scope of sec-

tion 466.02 shall cause to be presented to the governing body of the municipality within 30 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. * * * *No action therefor shall be maintained unless such notice has been given* and unless the action is commenced within one year after such notice. *The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is incapacitated by the injury from giving the notice.*" (Italics supplied.)

Defendant's motion to dismiss was denied on the grounds that plaintiff was incapacitated by his injury from giving the 30-day notice.

It is settled that the requirement of notice to the municipality, even by an injured minor, is an essential part of the cause of action. See, Szroka v. Northwestern Bell Tel. Co. 171 Minn. 57, 213 N. W. 557, 59 A. L. R. 404. The trial court acknowledged the applicability of the 30-day-notice requirement to the injured child's mother upon her own claim against the village. Although acknowledging doubt, the trial court ruled, however, that the injury to the child permitted a notice within the 90-day period provided by the excusatory last sentence of § 466.05, subd. 1.

We hold that the notice of claim on behalf of the child was not timely and that plaintiff child accordingly has no cause of action under the statute. The child undoubtedly had no capacity to give notice of his injury to the municipality, but it was because of his tender age and not because of his injury. The required notice obviously had to be given on his behalf by others, in this case his mother. She, of course, was not incapacitated from giving notice. The strict rule of notice has barred other claims, as in this case, where failure to comply with the statute is most probably attributable to unawareness of the statutory condition; but in granting any right of action, the power of the legislature strictly to condition the grant is well settled.

Reversed.