DOROTHY M. JENSEN v. DOWNTOWN AUTO PARK, INC. CITY OF MINNEAPOLIS, THIRD-PARTY DEFENDANT.

184 N. W. (2d) 777.

March 5, 1971—No. 42543.

*Cragg & Bailly* and *Robert S. Cragg,* for appellant.

*Keith M. Stidd,* City Attorney, and *Raymond H. Hegna,* Assistant City Attorney, for respondent city.

*Joseph H. Rivard,* for respondent Jensen.

Heard before Knutson, C. J., and Murphy, Peterson, Kelly, and Odden, JJ.

MURPHY, JUSTICE.

Appeal by defendant and third-party plaintiff, Downtown Auto Park, Inc. (hereinafter referred to as "Auto Park"), from summary judgment dismissing its action against the city of Minneapolis for contribution under Minn. St. 548.19.

The case involves a claim for injuries allegedly sustained by plaintiff, Dorothy M. Jensen, as a result of a fall which occurred on a public sidewalk in the city of Minneapolis, abutting the driveway of Auto Park. Both Auto Park and the city were named as defendants. Auto Park filed a separate answer but did not cross-claim against the city. After plaintiff entered into a stipulation of dismissal with the city, Auto Park instituted a third-party action against the city for contribution. On motion by the city, based on the claim that no sufficient statutory notice of claim was ever served, as required by § 466.05, and the further claim that the action was barred by the one-year statute of limitations, the court granted summary judgment.

It appears that the alleged injury occurred on July 25, 1968, and that a letter purporting to be a notice was written to the mayor and council of the city in the following manner: "The Honorable Mayor and Council of the City of Minneapolis, City Hall - 5th Avenue South, Minneapolis, Minnesota 55415." The letter was received by the mayor on July 31, 1968. On July 18, 1969, the city and Auto Park were named as defendants in a summons and complaint served by plaintiff.

The trial court was of the view that plaintiff's notice was legally insufficient under the provisions of § 466.05, subd. 1, which provides in part:

"Every person who claims damages from any municipality

for or on account of any loss or injury within the scope of section 466.02 shall cause to be presented to the governing body of the municipality within 30 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. * * * No action therefor shall be maintained unless such notice has been given and unless the action is commenced within one year after such notice."

In his memorandum, the trial court noted that the notice of claim was directed to both the mayor and the council but observed that "there is no indication that it was ever presented to the Council as required by the statute." The court further observed that, while "the result required may not square with our own concept of justice," he was constrained to sustain the city under authority of Aronson v. City of St. Paul, 193 Minn. 34, 257 N. W. 662. The court further said:

"* * * Moreover, in *Aronson* the Mayor was a member of the Council of St. Paul, which is not true in Minneapolis. This was the basis for the dissent in *Aronson*."

The fact situations in both cases are identical in that in neither case was the notice of claim ever presented to the council as required by the statute. The trial court's holding is in accord with numerous decisions of this court, some of the most recent of which are Hirth v. Village of Long Prairie, 274 Minn. 76, 143 N. W. (2d) 205; Holsman v. Village of Bigfork, 284 Minn. 460, 172 N. W. (2d) 320; and Grams v. Independent School Dist. No. 742, 286 Minn. 481, 176 N. W. (2d) 536. While, in the last case, we noted that formal service of the notice of claim was not necessary, the rule requiring service upon the governing body was not relaxed. While, as the trial court observed, the result may be harsh, we do not feel warranted in reversing our decision in Aronson since a number of legislatures have come and gone since that decision was written without making any change in statu-

tory requirements of notice. See, Hirth v. Village of Long Prairie, *supra*.

We do not reach the issue of whether or not a joint tortfeasor in an action against a municipality for contribution may rest his claim upon notice given by plaintiff without giving separate notice himself.

Affirmed.