HOWARD ALMICH, PARENT AND NATURAL
GUARDIAN OF JULIE ANN ALMICH, AND
ANOTHER v. INDEPENDENT SCHOOL
DISTRICT NO. 393.

190 N. W. (2d) 668.

October 1, 1971—No. 42718.

*Heinen & Christian* and *Harry Christian,* for appellant.
*James G. Nye, Jr.,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, Kelly, and Rolloff, JJ.

ROGOSHESKE, JUSTICE.

This is an appeal by plaintiffs from a judgment of dismissal entered in favor of defendant in an action for personal injuries based on negligence.

The issue is whether a postcard and its contents mailed to plaintiffs by an employee of the defendant was sufficient to constitute compliance with the notice-of-claim requirement of Minn. St. 466.05, an essential statutory prerequisite to maintaining a tort action for damages against a municipality.[1] Upon this record we are unable to conclude that a written notice complying with the statute was given and therefore affirm.

The facts are stipulated. Julie Ann Almich, 17 years old at the time of the mishap, was a student attending defendant's school in Le Sueur. On January 5, 1970, she slipped on a freshly waxed floor in the high school building, sustaining a fracture of her left ankle. Employees of defendant attended the girl at the school until her mother came and took her to a doctor. A few days after the accident, Julie's parents received in the mail a postcard entitled "Group Accident Benefit Plan Preliminary Report Card." This card was one part of a triplicate form, apparently designed for the purpose of processing claims against an insurer under a school activities policy obtained through the Minnesota State High School League, in which defendant presumably held membership.[2] It contained information specifying the date, time, and place of the injury; the name of the injured person; and the activity engaged in at the time of the injury. After the receipt of the card and 9 days after the accident, Mrs. Almich telephoned the school to inquire about insurance coverage since the injuries sustained by Julie were more severe than originally anticipated. The mother also inquired about what procedures were necessary

---

[1] Minn. St. 466.05, subd. 1, provides in part: "Every person who claims damages from any municipality for or on account of any loss or injury within the scope of section 466.02 [subjecting municipalities to liability for their torts] shall cause to be presented to the governing body of the municipality within 30 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. * * * No action therefor shall be maintained unless such notice has been given * * *."

[2] See, Grams v. Independent School Dist. No. 742, 286 Minn. 481, 176 N. W. 2d 536 (1970).

to perfect a claim against the school. Ada Rethwill, a nurse employed by defendant whose name was typed on the postcard, advised her then and during a subsequent telephone conversation that insurance coverage was very limited and that the school was not responsible for this type of injury. She did, however, state that she would again discuss the matter with the superintendent and that the Almiches would be contacted. Plaintiffs heard nothing more from the school and on February 19, 1970, initiated this action.

Shortly thereafter, defendant made a motion for summary judgment on the ground that no written notice of claim was presented to defendant's school board. Following a hearing on the motion at which the facts were stipulated, the court issued an order granting defendant's motion. Attached to that order was a memo in which the trial judge took note of our decision in Grams v. Independent School Dist. No. 742, 286 Minn. 481, 176 N. W. 2d 536 (1970), but explained that the action was barred because no written notice of claim had been presented to the governing body of the school district, citing Hirth v. Village of Long Prairie, 274 Minn. 76, 143 N. W. 2d 205 (1966). Plaintiffs appeal from the judgment.

Our notice-of-tort-claim statute has been strictly construed and repeatedly viewed by the court as intended by the legislature to impose, as a condition precedent to bringing an action in tort against a municipality, the requirement that the claimant cause a notice of claim to come to the attention of *the governing body* of the municipality—in this case, the school board. Hirth v. Village of Long Prairie, *supra;* Anderson v. City of Minneapolis, 287 Minn. 287, 178 N. W. 2d 215 (1970); Holsman v. Village of Bigfork, 284 Minn. 460, 172 N. W. 2d 320 (1969); White v. Johnson, 272 Minn. 363, 137 N. W. 2d 674 (1965) ; Jensen v. Downtown Auto Park, Inc. 289 Minn. 436, 184 N. W. 2d 777 (1971).

Relying on the Grams case involving a very similar notice-of-claim form, plaintiffs contend that the postcard should be held to constitute sufficient compliance with statutory requirements.

We cannot agree without deviating from our prior strict construction of the statute—a change not intended by our decision in Grams. There, we held that when the school board is not in session, § 466.05 is complied with by timely presenting an appropriate written notice to the superintendent of the school district, or in his absence to anyone under his supervision then in charge of his office, to be presented to the board at its next meeting. Since the writing in that case was signed in the superintendent's office in the presence of his administrative personnel and was reported to the superintendent, who ordered an investigation and placed the matter on the meeting agenda of the board, we found the requirements of the statute satisfied. The presentation of the notice of claim to the governing body is the essential fact in Grams which distinguishes it from the instant case. Here, we are compelled to hold, in enforcing strict compliance with the statutory requirement, that the postcard did not constitute the type of notice contemplated by the statute since it is undisputed that it was neither designed nor intended to reach the school board, and there is no showing that it was brought to the governing body's attention within 30 days.

Plaintiffs' alternative contention—that actual knowledge of the facts giving rise to Julie's injury by defendant's employees and superintendent waives the requirements of a more formal notice—is controlled by our prior decisions that there can be no waiver of the defense of failure to comply with the statute except by formal action of the governing board of the municipality. Hirth v. Village of Long Prairie, *supra*.

Although we have previously noted in Hirth and other cases the seemingly harsh result of denying claimants consideration of their claims on the merits by strict application of § 466.05 in cases such as this and have expressed our view that the statute is in need of revision, the legislature has not been persuaded to grant the relief which we are constrained to deny.

Affirmed.