RALPH McGUIRE, INDIVIDUALLY AND AS FATHER
AND NATURAL GUARDIAN OF DANIEL McGUIRE,
A MINOR, v. JOSEPH T. HENNESSY AND OTHERS.
CITY OF MINNEAPOLIS, THIRD-PARTY DEFENDANT.

193 N. W. 2d 313.

December 30, 1971—Nos. 42607, 42643.

*King, Rieke, Lommen & Cole* and *Phillip A. Cole,* for appellants Hennessy.

*Richards, Montgomery, Cobb & Bassford* and *Lynn Truesdell,* for appellant Johnson Bros.

*Keith M. Stidd,* City Attorney, and *Raymond H. Hegna,* Assistant City Attorney, for respondent city.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, and Peterson, JJ.

Per Curiam.

These are third-party actions brought by defendants in a personal injury suit to secure contribution or indemnity against the city of Minneapolis. The only issue is whether the city was properly served with notice in compliance with Minn. St. 466.05, subd. 1. The lower court held that the notice was inadequate, and we affirm.

One of the plaintiffs in the main action, Daniel McGuire, was a passenger in an automobile, driven by Mary Jane Hennessy and owned by her father Joseph Hennessy, when it crashed a barricade at a highway

construction site at 36th Street and Stevens Avenue in Minneapolis on October 6, 1965. In August 1967, the McGuires sued the Hennessys and Johnson Bros. Highway and Heavy Constructors, Inc. The Hennessys brought a third-party action against the city of Minneapolis the following month and Johnson Bros. did so in June 1970. The McGuires make no claim against the city.

The relevant portion of § 466.05, subd. 1, is as follows:

"Every person who claims damages from any municipality for or on account of any loss or injury within the scope of section 466.02 shall cause to be presented to the governing body of the municipality within 30 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded."

Johnson Bros. gave the city no notice of claim, but on the authority of White v. Johnson, 272 Minn. 363, 137 N. W. 2d 674 (1965), rely on the adequacy of notice given the city by the Hennessys.

The accident occurred on October 6, 1965. The city attorney of Minneapolis received a notice of claim addressed to him by Joseph Hennessy on October 29, 1965. The notice itself was directed to the "City of Minneapolis." Not until November 16, when the 30 days had expired, did the city attorney send the notice to the city clerk. There is no explanation for this delay. On November 26, the city council referred the matter to its committee on claims.

It is the contention of the third-party plaintiffs that service on the Minneapolis city attorney represents a "practical, orderly, and effective way" of bringing the notice of claim to the attention of the city council and that the notice was adequate under our decision in Grams'v. Independent School Dist. No. 742, 286 Minn. 481, 176 N. W. 2d 536 (1970).

We have had occasion to pass on this and related questions in a number of cases. Little is to be gained by reviewing the authorities.[1] We have this year in three separate opinions commented on the harshness of the statutory requirements.[2] Nevertheless, the rule is well estab-

[1] Hirth v. Village of Long Prairie, 274 Minn. 76, 143 N. W. 2d 205 (1966); Holsman v. Village of Bigfork, 284 Minn. 460, 172 N. W. 2d 320 (1969); Anderson v. City of Minneapolis, 287 Minn. 287, 178 N. W. 2d 215 (1970); Sorenson v. Minneapolis-St. Paul Metropolitan Airports Comm. 289 Minn. 207, 183 N. W. 2d 292 (1971).

[2] Jensen v. Downtown Auto Park, Inc. 289 Minn. 436, 438, 184 N. W. 2d 777, 778 (1971); Wibstad v. City of Hopkins, 291 Minn. 206, 190 N. W. 2d 125 (1971); Almich v. Independent School Dist. No. 393, 291 Minn. 269, 190 N. W. 2d 668 (1971).

lished that the city attorney is not a part of the governing body.[3] The city clerk's office, we have held, is the proper receptacle for filing such notices.[4]

Nor do the facts come within the rule adopted in the Grams case. In Almich we pointed out that Grams held (291 Minn. 272, 190 N. W. 2d 670):

"* * * [W]hen the school board is not in session, § 466.05 is complied with by timely presenting an appropriate written notice to the superintendent of the school district, or in his absence to anyone under his supervision then in charge of his office, to be presented to the board at its next meeting. Since the writing in that case was signed in the superintendent's office in the presence of his administrative personnel and was reported to the superintendent, who ordered an investigation and placed the matter on the meeting agenda of the board, we found the requirements of the statute satisfied."

In Grams, the office of the superintendent of the school district served the same function as the city clerk. It was the logical place to file notices of claim so that they could be brought to the attention of the governing body. Our cases make it clear the city attorney's office does not enjoy that status. Accordingly, we hold that the service of notice on the city attorney by the third-party plaintiffs in the instant case did not comply with the statute. It was therefore proper for the trial court to dismiss their claims for contribution or indemnity.

Affirmed.

---

[3] Johnson v. City of Chisholm, 222 Minn. 179, 24 N. W. 2d 232 (1946); Kiges v. City of St. Paul, 240 Minn. 522, 62 N. W. 2d 363 (1953).

[4] Doyle v. City of Duluth, 74 Minn. 157, 161, 76 N. W. 1029, 1030 (1898); Lyons v. City of Red Wing, 76 Minn. 20, 22, 78 N. W. 868, 869 (1899); Aronson v. City of St. Paul, 193 Minn. 34, 257 N. W. 662 (1934).