STEVEN HANSEN, A MINOR, BY HIS FATHER AND NATURAL
GUARDIAN, AND ANOTHER, v. D. M. & I. R. RAILWAY
COMPANY AND ANOTHER.
CITY OF DULUTH, THIRD-PARTY DEFENDANT.

195 N. W. 2d 814.

March 10, 1972—No. 43389.

*Sullivan, Hanft, Hastings, Fride & O'Brien* and *Tyrone P. Bujold,* for appellant.

*Applequist, Nolan, Donovan, Larson, Barnes & Mathias* and *Robert P. Nolan,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, and Peterson, JJ.

PER CURIAM.

Appeal from an order of the district court granting a third-party defendant's motion for dismissal of the third-party complaint. The appeal raises the issue of whether notice to a municipality of a third-party claim for contribution or indemnity is timely under Minn. St. 466.05 if given within 30 days of the date suit was commenced against the third-party plaintiff, even though more than 30 days have elapsed since the date of the injury to plaintiff, where the municipality had actual notice of the injury almost immediately after its occurrence.

It appears from the record that plaintiff Steven Hansen, a minor, was injured while swimming in the Lester River in Duluth, Minnesota. The injury occurred when Steven was struck by Dennis Signorelli, who had dived or jumped from the railroad bridge of the D. M. & I. R. Railway Company, which spans the river. Steven and Bennett Hansen, his father and natural guardian, instituted an action against the railroad

company and Signorelli on December 1, 1970. The merits of the action, including whatever fault there may have been on the part of the city of Duluth, are not before us. It is sufficient to observe that the accident occurred on August 4, 1969, and no claim against the city was served within the 30-day period required by Minn. St. 466.05. However, within 30 days after the summons and complaint was served upon it, the railroad company filed a notice of claim with the city clerk of the city of Duluth, notifying the city of its claim for indemnity or contribution. It then instituted the third-party action which is the subject of this appeal. The city moved for dismissal of the third-party complaint on the ground that the notice to the city was defective and not in compliance with § 466.05. The trial court granted the motion and dismissed the action as to the city. It is the contention of third-party plaintiff railroad company that its notice on December 22, 1970, having been served within 30 days of the time it was sued, is sufficient compliance with the statute.

In dismissing the third-party complaint against the city, the trial court in its memorandum stated:

"The simple facts of this case are that no written or substantial notice as required by the statute was given to the City of Duluth for more than a year and a half after this accident. The Court can find no authority nor can it read into the unambiguous statute any compliance with this mandatory rule of law."

The court further observed:

"* * * The result of the law on this subject in the State of Minnesota may appear to be harsh and inequitable to some degree, but the relief, if any, must come from the Legislature."

Under similar circumstances, in Jensen v. Downtown Auto Park, Inc. 289 Minn. 436, 184 N. W. 2d 777 (1971), we affirmed a summary judgment dismissing an action against the city of Minneapolis for contribution, holding that no timely statutory notice was ever served on the city and that the third-party plaintiff was not entitled to maintain an action for contribution. Since the authorities bearing upon this general issue have been fully gathered and reviewed in the recent case of McGuire v. Hennessy, 292 Minn. 429, 193 N. W. 2d 313 (1971), no further discussion is necessary.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.