DONALD R. DONAHUE v. WEST DULUTH LODGE NO. 1478 OF THE LOYAL ORDER OF MOOSE AND ANOTHER.

241 N. W. 2d 812.

April 30, 1976—No. 45676.

*Hunt & Arnold* and *Thomas L. Hunt,* for appellant.

*Leo M. McDonnell,* for respondents.

Heard before Todd, Yetka, and Breunig, JJ., and considered and decided by the court en banc.

PER CURIAM.

Appeal from an order directing a verdict in favor of defendants and dismissing plaintiff's claim for damages arising out of an alleged illegal sale of intoxicating liquor, and from the judgment entered pursuant thereto. The trial court found that the notice requirements of Minn. St. 340.951 had not been satisfied. We reverse.

On June 22, 1970, plaintiff suffered a broken ankle on the premises of the West Duluth Lodge No. 1478 of the Loyal Order of Moose (hereafter "the lodge"), a licensed liquor establishment, when one of two intoxicated patrons engaging in horseplay fell upon him. Within 2 or 3 days after the accident, plaintiff informed (1) the lodge secretary and club manager and (2) the lodge governor and board of directors that he intended to claim benefits under the lodge's insurance. At the time of this accident, the lodge premises were insured by the Aetna Insurance Company (hereafter "Aetna"). This insurance did not include liquor liability coverage. The lodge maintained a license bond with de-

fendant Western Surety Company of Sioux Falls, South Dakota, which did cover liquor liability.

When informed of plaintiff's injury, the employees, officers, and directors of the lodge made no attempt to elicit from him sufficient facts to determine the circumstances which caused the injury. Instead, the lodge referred plaintiff's claim to Aetna, which investigated and took a statement from plaintiff on July 7, 1970, but ultimately denied coverage on December 10, 1970. As a result of its investigation, Aetna obtained sufficient facts to constitute notice that plaintiff had a possible claim under the Civil Damage Act, Minn. St. 340.95. However, these additional facts were not communicated to the lodge. Plaintiff commenced his civil damage action on June 7, 1971.

Minn. St. 340.951 requires as a condition precedent to a civil damage action that written notice be given to the licensee of any licensed liquor establishment within 120 days after the injury, subject to the following saving clause:

"Actual notice of sufficient facts to reasonably put * * * the licensee of the liquor establishment, * * * or its insurer, on notice of a possible claim, shall be construed to comply with the notice requirements herein."

Plaintiff on appeal argues that the phrase "or its insurer" includes Aetna, which did have actual notice. We reject this argument because it is clear that the term "insurer" refers only to the liquor liability insurer, if any, and not to carriers of other insurance irrelevant to the Civil Damage Act. Nevertheless, we do find that the lodge itself had actual notice of "a possible claim" sufficient to impose upon it the obligation to elicit from plaintiff whatever facts were necessary to ascertain whether his injury was within the purview of the Civil Damage Act.

In Olander v. Sperry & Hutchinson Co. 293 Minn. 162, 171, 197 N. W. 2d 438, 443 (1972), construing a similar requirement for notice of tort claims against municipal defendants, we stated:

"* * * Nothing more should be required than that [plaintiff] give notice of the claim reasonably sufficient to alert the munici-

pality to the alleged incident and allow it to initiate investigative procedures to more adequately determine the nature and validity of the claim."

This construction of the statute was based in part on the likelihood that a tort victim would be unskilled in the law. Here, plaintiff was a railroad carman and could not reasonably be expected to have known what facts the lodge might need to determine its potential liability. Therefore, given notice of plaintiff's injury, the lodge had the burden to elicit whatever additional facts it needed to determine the nature of the claim.

Reversed.