Marilyn J. HAMMERSCHMIDT, Individually and as mother and natural guardian of Sharon J. Hammerschmidt, et al., Plaintiffs,

v.

Michael J. MOORE and Myra Moore, Individually and d. b. a. Coates Station Bar, et al., Defendants and Third-Party Plaintiffs, Appellants,

v.

Dennis TREML and Wallace Woldengen, Individually and d. b. a. Round-Up Bar, Inc., et al., Third-Party Defendants, Respondents,

Gary Kummer and Joe C. Kummer, Individually and d. b. a. W–K Black Stallion Supper Club, Inc., Third-Party Defendants, Respondents,

L. Charles Peterson, Special Administrator of the Estate of Joe Hammerschmidt, Decedent, Third-Party Defendant.

No. 47758.

Supreme Court of Minnesota.

Nov. 17, 1978.

Arthur, Chapman & Michaelson and Robert W. Kettering, Jr., Minneapolis, for appellants.

Faegre & Benson and George W. Flynn and John P. Borger, Minneapolis, for respondent Treml and Woldengen.

Carroll, Cronan, Roth & Austin, Minneapolis, for respondent Kummer.

KELLY, Justice.

This is an appeal from a judgment of the district court granting a third-party defendant's motion for dismissal of a third-party complaint. The question for decision is whether the notice requirements of Minn.St. 340.951, which requires that writ-

ten notice be given the licensee of any licensed liquor establishment within 120 days after the injury, is a condition precedent to a third-party action for contribution. We hold that it is not and reverse the judgment of the district court.

This action arose out of a two-car collision which occurred in the early morning hours of March 2, 1974, involving automobiles driven by Joseph Hammerschmidt and Dwaine C. Beyer. Hammerschmidt died as a result of the injures received in the collision. On May 24, 1974, pursuant to Minn.St. 340.951, Beyer's auto insurance carrier sent by registered mail a notice of a claim for contribution and/or indemnity to appellants Michael J. Moore and Myra Moore for any damages recoverable by Hammerschmidt as a result of the collision with Beyer.

Thereafter plaintiffs, wife and children of Hammerschmidt, brought suit against appellants under the Civil Damage Act, Minn.St. 340.95, alleging that appellants, acting through its employees and agents, illegally sold intoxicating liquor to Beyer which caused the collision between Hammerschmidt and Beyer.[1] The suit was commenced by delivery of a summons and complaint to the Dakota County Sheriff on March 10, 1976. On or about September 29, 1976, the Dakota County Sheriff's office served on the respondents a third-party complaint alleging that, on the basis of the respondents' alleged illegal sales of intoxicating liquor to Hammerschmidt, appellants were entitled to judgment of contribution and/or indemnification from respondents in the event of a judgment against appellants by plaintiffs. Prior to receipt of the third-party complaint, respondents had received no notice of claim from anyone.

Respondents moved for summary judgment on the ground of lack of statutory notice as required by Minn.St. 340.951. The trial court granted the motions and entered a judgment dismissing the third-party complaint. This appeal is from that judgment.

The notice of claim provision contained in Minn.St. 340.951 requires, as a condition precedent to a direct civil damage action, that notice be given to the licensee of any licensed liquor establishment within 120 days after the injury.[2] See, *Donahue v. West Duluth Lodge No. 1478*, 308 Minn. 284, 241 N.W.2d 812 (1976). We have not had occasion to consider the civil damage

---

1. Beyer, having settled with plaintiffs under a Pierringer release, *Pierringer v. Hoger*, 21 Wis.2d 182, 124 N.W.2d 106 (1963), is not a party to this lawsuit.

2. Minn.St.1976, § 340.951, read as follows: "From and after July 1, 1969, every person who claims damages from any municipality owning and operating a municipal liquor store or from the licensee of any licensed liquor establishment for or on account of any injury within the scope of Minnesota Statutes, Section 340.95, shall give a written notice to the governing body of the municipality or the licensee of the liquor establishment, as the case may be, stating:

(1) The time and date when, and person to whom such liquor was sold, bartered, or given;

(2) The name and address of the person or persons who were injured or whose property was damaged;

(3) The approximate time and date and the place where any injury to person or property occurred.

No error or omission in the notice shall void the effect of the notice, if otherwise valid, unless such error or omission is of a substantially material nature.

This notice shall be served within 120 days after the injury occurs, and no action therefor shall be maintained unless such notice has been given, and unless it is commenced within three years after such injury. The time for giving the notice shall not include any period of time next succeeding the occurrence of the injury during which the person injured is incapacitated from giving such notice by reason of the injury sustained.

Actual notice of sufficient facts to reasonably put the governing body of the municipality or the licensee of the liquor establishment, as the case may be, or its insurer, on notice of a possible claim, shall be construed to comply with the notice requirements herein.

Any cause of action for injury heretofore caused by an intoxicated person as a result of an illegal sale, barter or gift of liquor and not barred by the existing statute of limitations may be brought within three years after the cause of action accrued or within six months after July 1, 1969, whichever is later, if notice thereof is given within 120 days of July 1, 1969."

The statute was amended by L.1977, c. 390, § 2.

notice of claim provision in the context of third-party actions for contribution. We have considered, however, the notice-of-claim provision in third-party actions for contribution involving tort claims against municipalities. See, Minn.St.1974, § 466.-05.[3] There we have held that someone, be it the directly injured party or the cotortfeasor, must give the municipality notice of claim within the statutory period or all are barred from recovery. See, e. g., *Hansen v. D. M. & I. R. Ry. Co.*, 292 Minn. 503, 195 N.W.2d 814 (1972) (injury while swimming; third-party plaintiff served notice on city within 30 days after summons and complaint were served upon it, but not within 30 days of date of injury; contribution claim dismissed); *McGuire v. Hennessy*, 292 Minn. 429, 193 N.W.2d 313 (1971) (automobile accident at construction site; contribution claimants relied on notice by plaintiffs, which notice was held defective; contribution claims dismissed); *Jensen v. Downtown Auto Park, Inc.*, 289 Minn. 436, 184 N.W.2d 777 (1971) (fall on sidewalk; insufficient notice of claim served; summary judgment for city); *American Automobile Insurance Co. v. City of Minneapolis*, 259 Minn. 294, 107 N.W.2d 320 (1961) (fall on sidewalk; no timely notice; action for indemnity was one based on city's alleged negligence, not on implied contract among tortfeasors; claim for indemnity barred by failure to provide timely notice). See also *White v. Johnson*, 272 Minn. 363, 137 N.W.2d 674 (1965) (contribution claimant as well as directly injured party may provide the notice). Citing many of the same cases, respondents argue for the same result here since notice of claim was not received until two and one-half years after the accident.

Appellants contend, however, that those cases are not the law in light of this court's opinion in *Spitzack v. Schumacher*, 308 Minn. 143, 241 N.W.2d 641 (1976) and that decision's treatment of *White v. Johnson, supra*. Appellants particularly rely on the following language from that opinion:

"The doctrine of contribution is an equitable doctrine which requires that persons under a common burden share that burden equitably. 'One who has paid more than his share is entitled to contribution from the other to reimburse him for the excess so paid * * *.' *Employers Mutual Cas. Co. v. Chicago, St. P. M. & O. Ry. Co.*, 235 Minn. 304, 310, 50 N.W.2d 689, 693 (1951). Accordingly, '[t]he very essence of the action of contribution is "common liability."' *American Auto. Ins. Co. v. Molling*, 239 Minn. 74, 76, 57 N.W.2d 847, 849 (1953).

"Common liability 'is created at the instant the tort is committed.' *White v. Johnson*, 272 Minn. 363, 371, 137 N.W.2d 674, 679 (1965). Even though a joint tortfeasor may subsequently acquire a particular defense against an injured party, that tortfeasor may still be held liable to a cotortfeasor for contribution. Thus, an injured party's 'execution of a covenant not to sue does not destroy the common liability necessary to a cause of action for contribution.' *Employers Mutual Cas. Co. v. Chicago, St. P. M. & O. Ry. Co.*, 235 Minn. 304, 309, 50 N.W.2d 689, 693. Similarly, neither an injured party's failure to bring an action against a tortfeasor within the statute of limitations (*Gustafson v. Johnson*, 235 Minn. 358, 364, 51 N.W.2d 108, 112 [1952]) *nor*

3. Minn.St.1971, § 466.05, subd. 1, employed the following language: "Every person who claims damages from any municipality for or on account of any loss or injury within the scope of section 466.02 shall cause to be presented to the governing body of the municipality within 30 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. Failure to state the amount of compensation or other relief demanded does not invalidate the notice; but in such case, the claimant shall furnish full information regarding the nature and extent of the injuries and damages within 15 days after demand by the municipality. No action therefor shall be maintained unless such notice has been given and unless the action is commenced within one year after such notice. The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is incapacitated by the injury from giving the notice."

Minn.St. 466.05, subd. 1, has been amended by L.1974, c. 311, § 1, and L.1976, c. 264, § 4.

*an injured party's failure to provide statutory notice of a claim against a municipality (White v. Johnson, supra) relieves a tortfeasor of his liability to a joint tortfeasor for contribution.*

"*  *  *  [I]n all of these cases the defenses were procedural in nature and did not go to the merits of the case. The defenses of release, statute of limitations, and lack of statutory notice do not deny liability, but rather avoid liability. Thus, the underlying common liability was never extinguished and a joint tortfeasor's right to contribution was allowed.*" (Italics supplied.) 308 Minn. at 145, 241 N.W.2d at 643.

Appellants argue that because common liability arises the instant the tort [4] is committed, they cannot be deprived of their right to contribution by reason of plaintiffs' loss thereafter of their own right of direct action against respondents. Appellants also argue that the absence of statutory notice in a third-party claim for contribution should be treated similarly to the running of a statute of limitations against one of two tortfeasors whose liability in a direct action by the injured plaintiff is barred by virtue of the latter's failure to bring an action within the limitation period. In that situation the tortfeasor who has been sued "has the right to implead the unjoined joint tortfeasor in plaintiff's action for the purpose of proving their common liability even after the statute of limitations on plaintiff's claim has run." *Markey v. Skog*, 129 N.J. Super. 192, 201, 322 A.2d 513, 518 (1974). See *Grothe v. Shaffer*, 305 Minn. 17, 232 N.W.2d 227 (1975).

First, appellants exaggerate our treatment of *White v. Johnson, supra*. In citing that case in Spitzack, we stated only that

the injured party's failure to give statutory notice did not relieve a joint tortfeasor of its liability for contribution. In White the issue was whether a third-party claim for contribution or indemnity could be preserved against a municipality by the third-party plaintiffs' giving sufficient statutory notice notwithstanding the absence of any notice to the municipality by the injured plaintiff. In ruling in the affirmative, we stated:

"*  *  *  The purpose of the statute is to enable the municipality to promptly investigate  *  *  *  to ascertain the existence and extent of any liability  *  *. Obviously, this purpose is served as well by notice from a joint wrongdoer as from an injured party." 272 Minn. at 372, 137 N.W.2d at 680.

Quite plainly White did not disturb those decisions describing the statutory notice required in tort actions against municipalities as "the foundation necessary to maintain an action for contribution or indemnity." Id.

■ As recognized in Spitzack, however, *White v. Johnson* did establish that the failure to give statutory notice does not destroy the common liability necessary to maintain an action for contribution; i. e., common liability is created the instant the illegal acts prohibited by the civil damage act occur. See, Minn.St. 340.95.[5] Common liability being established, we are persuaded that the notice-of-claim provision in Minn.St. 340.951, for purposes of contribution, is no different than the running of a statute of limitations against one cotortfeasor but not another. We therefore hold that the notice-of-claim provision is not a condition precedent to third-party civil damage actions for contribution.

---

4. Civil damage actions sound in tort. *Dahl v. Northwestern National Bank*, 265 Minn. 216, 121 N.W.2d 321 (1963).

5. Minn.St.1976, § 340.95, provided the following: "Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxi-

cating liquors, caused the intoxication of such person, for all damages, sustained; and all damages recovered by a minor under this section shall be paid either to such minor or to his parent, guardian, or next friend, as the court directs; and all suits for damages under this section shall be by civil action in any court of this state having jurisdiction thereof." Minn.St. 340.95 was amended by L.1977, c. 390, § 1.

■ The basis for our decision is found in our equitable jurisprudence. Contribution is an equitable doctrine which requires persons under a common burden to share that burden equitably, i. e., to make wrongdoers share in the burden of their wrong. In *Skaja v. Andrews Hotel Co.*, 281 Minn. 417, 423, 161 N.W.2d 657, 661 (1968), we explicated the role contribution plays in civil damage actions:

" * * * [W]henever one of several vendors is held liable by reason of an unintentional illegal sale, it is only just that he be afforded a remedy against other vendors to compel them to bear their fair share of the common liability. There appears no valid reason to permit other vendors, whose illegal sales have combined to cause the loss, to escape liability while casting the burden solely upon one. To do so would unjustifiably emphasize the penal over the remedial and regulatory objectives of the act. Allowing contribution may not demonstrably advance the compensatory objectives of the act in favor of the injured party, but it will not hinder that objective and it will spread the burden of economic loss more equitably upon the liquor industry.

"Secondly, the act by the imposition of the sanction of strict liability provides an extremely effective incentive for liquor vendors to do everything in their power to avoid making illegal sales. *Murphy v. Hennen*, 264 Minn. 457, 119 N.W.2d 489. The allowance of contribution between unintentional violators would serve to increase this incentive, for it will make more certain that every vendor who makes an illegal sale will be unable to escape liability for his share of the damages resulting because of 'the accident of a successful levy of execution, the existence of liability insurance, the plaintiff's whim or spite, or his collusion with the wrongdoer' as is possible if the right to seek contribution were denied."

6. Our holding does not frustrate the general purpose of the notice requirement since third-party defendants would have access to the pleadings and discovery processes in the origi-

These are significant policy considerations which could be frustrated by a rule requiring that notice be given third-party defendants in civil damage contribution actions.[6] Further, it would be patently inequitable to allow an injured plaintiff to select arbitrarily, whether intentionally or inadvertently, which of several tortfeasors should be burdened with the entire obligation for a wrongful act by delaying notice until there is little, if any, time to seek out joint tortfeasors. Such a plaintiff could eliminate the right of contribution before the primary claim is asserted or the contribution claim is known. The rights of the contribution claimant would be "dependent on the whim of the injured person." *White v. Johnson*, 272 Minn. at 372, 137 N.W.2d at 680. The right of contribution should not be denied under circumstances over which the party seeking contribution has no control over the right to maintain the action, especially where the language of the statute does not expressly or by implication deal with the subject. Cf. *White v. Johnson, supra.*

Reversed.

SHERAN, Chief Justice (dissenting).

The alleged illegal sale of liquor occurred on or about March 2, 1974. No notice of claim was served on the liquor vendors from whom contribution is now being sought until on or about September 29, 1976—a time lapse of 2½ years. The purpose of the statutory requirement (Minn.St. 340.951) that notice of claim be served "within 120 days after the injury occurs" is to permit the alleged supplier of liquor to investigate the claim before witnesses disappear and memories fail—practical consideration uniquely pertinent in situations of this kind. See, *Donahue v. West Duluth Lodge No. 1478 of Loyal Order of Moose*, 308 Minn. 284, 241 N.W.2d 812 (1976); *White v. Johnson*, 272 Minn. 363, 137 N.W.2d 674 (1965).

nal litigation and would be able to complete such discovery as would be necessary to aid their investigation.

Under the statute the requirement of notice does not apply if the supplier of liquor has "[a]ctual notice of sufficient facts to reasonably put" it "on notice of a possible claim  *  *  *."

The majority opinion, in my view, ignores the clear legislative purpose of the notice requirement in Minn.St. 340.951 and, in effect, overrules our own recent precedents. See, *White v. Johnson, supra; American Auto. Ins. Co. v. City of Minneapolis*, 259 Minn. 294, 107 N.W.2d 320 (1961).

I would affirm the decision of the trial court.

WAHL, Justice (dissenting).

I join in the dissent of SHERAN, C. J.

OTIS, J., took no part in the consideration or decision of this case.