Sholanda YOUNG, Appellant,

v.

**2911 CORPORATION, d/b/a William's Uptown Corporation, a/k/a William's Uptown, William's Bar and William's Pub Peanut Bar & Nightclub, Respondent.**

No. C3–94–2464.

Court of Appeals of Minnesota.

April 11, 1995.

James H. Ranum, James H. Ranum, P.A., Minneapolis, for appellant.

John S. Sens, Wintroub, Rinden and Sens, Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., DAVIES and JONES,* JJ.

## OPINION

DAVIES, Judge.

District court dismissed dram shop claim because injured tavern patron giving statutory notice was unable to name her assailant. The patron appeals. We reverse and remand.

## FACTS

In February 1992, appellant Sholanda Young and some friends went to William's Pub, owned by respondent 2911 Corporation, d/b/a William's Uptown Corporation (William's). A stranger became belligerent when Young declined his invitation to dance. After he returned to his table, she observed that he was drinking beer and what appeared to be "Long Island Iced Tea," an alcoholic drink. Later, he approached Young from behind and struck her in the head with a bottle, injuring her. He fled the building. Young, and apparently the police, never learned his identity.

In March, Young's attorney notified William's of a potential dram shop action stemming from the assault. On March 26, 1992,

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

Young was interviewed regarding the incident by an investigator. On April 1, 1992, Young sent a copy of the interview transcript to William's attorney. Young then filed a dram shop action against William's alleging that it illegally sold intoxicating beverages to one "John Doe" while he was obviously intoxicated. The district court granted William's motion for summary judgment. This appeal followed.

## ISSUE

Did the district court err by dismissing Young's dram shop claim for failing to include in her statutory notice the name of the patron who assaulted her?

## ANALYSIS

■ On review of a summary judgment, this court must determine if there are any genuine issues of material fact and whether the district court correctly applied the law. *Wartnick v. Moss & Barnett,* 490 N.W.2d 108, 112 (Minn.1992). Determining whether the notice provisions of Minn.Stat. § 340A.802 have been complied with is a jurisdictional matter to be disposed of by the court before trial. *May v. Strecker,* 453 N.W.2d 549, 554 (Minn.App.1990), *pet. for rev. denied* (Minn. June 15, 1990).

A person claiming dram shop damages from a retailer of alcoholic beverages must give written notice stating (1) "the time and date when and person to whom" alcoholic beverages were sold, (2) "the name and address of the person" injured, and (3) the approximate time and date, and the place where the injury occurred. Minn.Stat. § 340A.802, subd. 1 (1990). Unless substantially material, "[a]n error or omission in the notice does not void the notice's effect if the notice is otherwise valid." *Id.*

■ Similar notice provisions in other statutes are evaluated under a "substantial compliance" standard. *E.g. Olander v. Sperry & Hutchinson Co.,* 293 Minn. 162, 169–70, 197 N.W.2d 438, 442 (1972) (except for timeliness and manner of service, notice of tort claim against municipality requires only "substantial compliance" with Minn.Stat. § 466.05). We believe the substantial com-

pliance standard applicable to section 466.05 is also applicable to section 340A.802. *See May,* 453 N.W.2d at 553–54 (reviewing section 466.05 case law to decide whether compliance with notice requirement is jurisdictional issue under section 340A.802).

■ Here, the district court granted summary judgment to William's, reasoning that Young's inability to name her assailant made notice inadequate to allow William's to investigate the claim and precluded Young from proving that William's had served an obviously intoxicated person.

We disagree. The statute simply requires that the plaintiff "state the person" to whom the defendant sold the alcoholic beverage; it does not specifically require the plaintiff to state the intoxicated person's name. And by requiring the plaintiff to state "the name and address of the [injured] person," the statute appears to differentiate between the degree of precision with which the plaintiff must identify herself and the degree of precision with which she must identify her assailant. *Cf.* Minn.Stat. § 466.05 (1990) (requiring plaintiff to provide "the *names* of the municipal employees *known* to be involved" when notifying city of claim due to actions of city employees) (emphasis added).

Furthermore,

[w]hen a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name and when that opposing party's true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name.

Minn.R.Civ.P. 9.08. Although Young's assailant is not "an opposing party" because the dram shop claim is against the bar, not the drunk patron, rule 9.08 suggests that a party need not know the exact identity of an assailant to proceed to trial.

Knowing the name of Young's assailant might facilitate investigation of such issues as how many drinks he had consumed and if he had anything to drink elsewhere. But an assailant's name is not necessary if witnesses could identify the alleged assailant by physical description and testify to the fact that

William's continued to serve him after he was obviously intoxicated.

Here, Young provided a physical description of her assailant's height (4'9"), build, hair style, and complexion. We believe this distinctive description is sufficient to enable William's to conduct a meaningful defense. Young also noted that there were several witnesses to the assault. These witnesses might provide additional information regarding her assailant.[1]

Finally, "[a]ctual notice of sufficient facts reasonably to put the licensee * * * on notice of a possible claim complies with the notice requirement." Minn.Stat. § 340A.802, subd. 2 (1990). Here, the fact that the assault occurred on William's own premises renders it unlikely that the tavern lacked actual notice of a potential claim without the assailant's name, particularly where William's own employees promptly intervened in the assault—and perhaps even directly witnessed it—and where the police were summoned in response to the assault. *Cf. Donahue v. West Duluth Lodge No. 1478*, 308 Minn. 284, 286, 241 N.W.2d 812, 814 (1976) (lodge had notice of potential dram shop claim where plaintiff injured on its premises).

## DECISION

The district court erred in dismissing Young's dram shop claim simply because she did not provide the name of her assailant in her notice.

**Reversed and remanded.**

---

1. Young asserts that she mailed the transcript containing this information to respondent on April 1, 1992—well within the 120-day period. William's argues that Young did not provide this transcript until 1994—well beyond the 120-day period. But William's counsel's affidavit states that in response to his March 26, 1992, request for various relevant materials from Young, he received a copy of the transcript from Young's attorney on April 6, 1992.