James Bruce OSLUND, Plaintiff,

v.

Grant Stephen JOHNSON, Defendant,

and

James Leonard JOHNSON, Defendant
and Third–Party Plaintiff,
Appellant,

v.

Matthew CHAMERNICK, et al., d/b/a CC
Club, Third-Party Defendants,
Respondents,

Toonen, Inc. d/b/a Uptown Bar &
Cafe, Third-Party Defendant,
Respondent.

No. C4–97–253.

Court of Appeals of Minnesota.

Aug. 12, 1997.

Review Granted Oct. 4, 1997.

Lawrence M. Rocheford, Elizabeth B. Hayes, Jardine, Logan & O'Brien, P.L.L.P., St. Paul, for Appellant.

Steven E. Tomsche, Tomsche & Tomsche, P.A., Minneapolis, for Respondent Toonen.

Michael J. Dwyer, Virginia A. Dwyer, Grannis & Hauge, P.A., Eagan, for Respondents Chamernick, et al.

Considered and decided by CRIPPEN, P.J., and HUSPENI and WILLIS, JJ.

## OPINION

HUSPENI, Judge.

Respondents, two liquor licensees, were granted summary judgment on the ground that appellant, a vicariously liable tortfeasor, had notice of the victim's claim against appel-

---

lant more than 60 days before appellant notified respondents of his claims against them, thereby violating the Minn.Stat. § 340A.802 notice requirement for bringing an action against liquor licensees. Because we conclude that section 340A.802 does not apply to those in appellant's situation and that in any event appellant did not receive notice of the claim against him more than 60 days before notifying respondents, we reverse and remand.

## FACTS

In February 1994, Grant Johnson, after drinking liquor at respondents' establishments, ran a car owned by appellant James Johnson, his father, into a truck driven by James Oslund.

On October 31, 1994, appellant received a letter dated October 27, 1994, from Oslund's attorney that read:

I have been retained to represent James Oslund in his claims for injuries arising out of an automobile accident on February 13, 1994 in which you were the owner of a vehicle that struck the vehicle Mr. Oslund was driving. The driver of your vehicle was Grant Stephen Johnson.

Please give this letter to your liability insurance carrier and have them contact me immediately.

The letter made no mention of liquor.

On January 17, 1995, Oslund brought suit against Grant Johnson and appellant by service of a summons and complaint. The summons and complaint stated that Grant Johnson had been driving "while he was under the influence of alcohol and in an intoxicated condition, warranting the imposition of punitive damages" and stating that appellant, as owner of the vehicle, was "vicariously liable * * * pursuant to Minn.Stat. § 170.54." [1]

Sixty days after receiving the summons and complaint, appellant notified respondents of the injury and served a third-party summons and complaint on them. After stipulat-

---

1. Minn.Stat. § 170.54 (1996) provides that:
   Whenever any motor vehicle shall be operated within this state, by any person other than the owner, with the consent of the owner, express

or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof.

ing that the summons and complaint were appellant's first notice of the claim against him, respondents moved for summary judgment on the grounds that appellant had not complied with Minn.Stat. § 340A.802, subd. 2, because his notification to respondents occurred more than 120 days after the injury. The district court denied the motion, holding that appellant had complied with the alternative provision of the statute by giving notice to respondents within 60 days of appellant receiving notice of the claim against him.

After the motion was denied, respondents learned of the October 1994 letter appellant had received from Oslund's counsel. Respondents again moved for summary judgment on the ground that this letter constituted notice to appellant of the claim against him, and appellant had not notified respondents of his claim within 60 days of receiving the letter. The district court granted this second motion for summary judgment, reasoning that:

> It is unclear whether the 120–day or the 60–day notice provision should be applied in this case. * * * However, the Court need not resolve this issue because under either provision, [appellant's] notice was untimely.

> The 120–day rule requires that notice be given within 120 days of the "injury." * * * [T]he "injury" meant by the statute was plaintiff's injury resulting from the car accident.

> The accident occurred on February 13, 1994. To comply with the 120–day rule, [appellant] was obligated to notify third-party defendants by August 12, 1994[sic]. He did not do so and thus failed to provide written notice to [respondents] within 120 days of the injury in accordance with Minn.Stat. § 340A.802.

> According to the 60–day rule, [appellant] would have been required to provide notice within 60 days from the date he received notice of plaintiff's claims. [Respondents] assert that the October 27, 1994, letter from [Oslund's] counsel put [appellant] on notice of plaintiff's injuries and that the date he received the letter, October 31, 1994, should be used to determine whether

notice was timely * * *. The Court agrees.

## ISSUES

1. Does Minn.Stat. § 340A.802, subd. 2, apply to vicariously liable tortfeasors bringing third-party contribution claims against liquor vendors?

2. Did appellant comply with either provision of Minn.Stat. § 340A.802, subd. 2?

## ANALYSIS

■■■ The parties have stipulated to the facts. When a case is decided on stipulated facts, the only issue on appeal is whether the district court erred in its application of the law. *Fingerhut Corp. v. Suburban Nat'l Bank*, 460 N.W.2d 63, 65 (Minn.App.1990). The construction of a statute is clearly a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

Appellant argues that the statute does not apply to those in his position and, alternatively, that if the statute does apply, he complied with it.

1. **Applicability of Minn.Stat. § 340A.802, subd. 2.**

■■■ Minn.Stat. § 340A.802 (1996) provides in relevant part:

> Subdivision 1. * * * [A] person or insurer who claims contribution or indemnity from a licensed retailer of alcoholic beverages * * * for or because of an injury within the scope of section 340A.801 must give a written notice to the licensee * * *.

> Subd. 2. * * * In the case of claims for contribution or indemnity, the notice must be served within 120 days after the injury occurs or within 60 days after receiving written notice of a claim for contribution or indemnity, whichever is applicable.

Appellant argues that section 340A.802, subd. 2, does not apply to those who, like himself, after being sued by a plaintiff in a vicarious or derivative capacity for damages, bring a third-party action for contribution against a liquor vendor. We agree and note that research produces no case in which Minn.Stat.

§ 340A.802 has been applied to one in appellant's position.[2]

The parties agree that the provisions quoted above were added to the statute in 1982 in response to *Hammerschmidt v. Moore,* 274 N.W.2d 79 (Minn.1978),[3] holding that a defendant licensee's contribution claim against another licensee was not precluded because the victim had failed to notify that licensee. Prior to 1982, the statute provided only for claims for damages, not for claims for contribution or indemnity. The addition to subdivision 1 provided that a person or insurer bringing a contribution or indemnity claim against a licensee had to give the licensee written notice of the injury; the addition to subdivision 2 provided that this notice must be given within one of two alternative time periods, "whichever is applicable."

Appellant, as a vicariously liable tortfeasor bringing a claim against respondents, clearly falls within subdivision 1: he is "a person or insurer who claims contribution or indemnity from a licensed retailer of alcoholic beverages * * *." However, we conclude that neither of the two time periods for giving notice to licensed retailers set out in subdivision 2 was intended to apply to vicariously liable tortfeasors like appellant.

The first alternative is "within 120 days after the injury occurs." [4] A vicariously liable tortfeasor, such as the owner of the car that causes an accident, may well not even know that the injury has occurred until most or all of this period has elapsed. It is extremely doubtful that the legislature intended that those without immediate notice of the occurrence of an injury be required to give notice "within 120 days" of its occurrence.[5]

Whether appellant should be required to comply with the 60–day notice provision is a closer question. However, we cannot conclude that appellant received "written notice of a claim for contribution or indemnity" from Oslund.[6]

"Contribution" is defined as "[t]he sharing of a loss or payment among several." *Black's Law Dictionary* 328 (6th ed. 1990). "Indemnity" is defined as:

A contractual or equitable right under which the entire loss is shifted from a tortfeasor who is only technically or pas-

**2.** In contrast, the statute has been repeatedly applied to cases in which victims directly sued liquor licensees. *See, e.g., Schulte v. Corner Club Bar,* 544 N.W.2d 486 (Minn.1996) (survivors brought action against licensee; licensee's knowledge that a patron who had been served died later that night in a snowmobile accident held not to be knowledge); *Wallin v. Letourneau,* 534 N.W.2d 712 (Minn.1995) (victim brought action against licensee; service of notice-of-claim on a bartender held not to comply with notice requirement); *Young v. 2911 Corp.,* 529 N.W.2d 715 (Minn.App.1995) (action brought by assault victim against licensee; failure to include assailant's name in notice did not preclude compliance with statute); *Olson v. Blaeser,* 458 N.W.2d 113 (Minn.App.1990) (injured passenger brought action against licensee; neither fact that one car involved in accident was driven by city liquor store employee nor police accident report provided notice within the meaning of statute); *May v. Strecker,* 453 N.W.2d 549 (Minn.App. 1990) (injured passenger brought action against driver and licensee; holding that attorney-client relationship relating to recovery of insurance benefits was not attorney-client relationship for purposes of statutory notice provisions), *review denied* (Minn. June 15, 1990); *Watson v. Stonewings on the Lake,* 393 N.W.2d 518 (Minn.App. 1986) (victims brought action against licensee; holding that action brought more than two years after the accident was barred even though anoth-

er action had been timely brought against other licensees).

**3.** Respondent Toonen, however, asserts that these provisions were added in response to *Wegan v. Village of Lexington,* 309 N.W.2d 273, 280 (Minn.1981) (holding that the notice provision was unconstitutional because it did not apply to vendors of 3.2 beer and there was no rational basis for treating sellers of stronger liquor differently from sellers of 3.2 beer).

**4.** We accept the trial court's definition of "injury" to be the event giving rise to an injured person's claims.

**5.** Both in denying respondents' first summary judgment motion and in granting their second summary judgment motion, the district court noted that this provision was unlikely to apply to appellant "because an owner of a vehicle may not have actual notice on the date of the accident and therefore it would be unfair to hold him to the requirement that notice be served within 120 days of the accident."

**6.** The October 1994 letter, to the extent it sought anything, and the January 1995 summons and complaint, by its specific language, sought damages in a civil suit (arguably one that did not even implicate a dram shop action).

sively at fault to another who is primarily or actively responsible.

*Id.* at 769. Neither definition applies to the action brought by Oslund against appellant: Oslund sued appellant on the ground that appellant was "vicariously liable for the damages caused by his negligence" in giving express or implied consent to his son to use his car. The relationship between Oslund and appellant was one of victim and tortfeasor, albeit a vicariously liable one.

We conclude that the language of the contribution and indemnity notification provisions cannot be interpreted so broadly as to include appellant as one who has received notice, nor does a review of the legislative history underlying the contribution and indemnity notice provisions reveal an intention by the legislature to apply this statute to entities other than liquor vendors.

Because we conclude that the "120 days after the injury occurs" provision does not logically apply to vicariously liable tortfeasors who may not know when the injury occurs, and the "60 days after receiving written notice of a claim for contribution or indemnity" does not logically apply to tortfeasors who are sued for damages rather than for contribution or indemnity, we hold that neither of the time periods in Minn.Stat. § 340A.802, subd. 2, applies to vicariously liable tortfeasors bringing third-party claims against liquor vendors.

While subdivision 1 of Minn.Stat. § 340A.802 clearly requires vicariously liable tortfeasors, like any other person or insurer, to give notice to liquor vendors against whom they bring third-party claims, subdivision 2 as written does not provide a time period within which they must give that notice. While the legislature may wish to enact a provision requiring vicariously liable tortfea-

sors to give notice within a particular time period, it has not yet done so. We cannot provide that which the legislature has failed to supply. *Wallace v. Commissioner of Taxation,* 289 Minn. 220, 184 N.W.2d 588, 594 (1971). Neither of the time periods now in subdivision 2 applies to appellant.

**2. Did appellant comply with Minn.Stat. § 340A.802, subd. 2?**

■ Even if we assume, for the purpose of addressing the basis of the trial court's decision, that appellant was required to comply with Minn.Stat. § 340A.802, we conclude that the 60–day notice provision [7] was not invoked upon appellant's receipt of the letter from Oslund's counsel.

■ We believe that the letter was not the "written notice of a claim for contribution or indemnity" necessary to commence the running of the 60–day statutory period. The letter did not notify appellant that Oslund's injury might have been caused by illegally sold alcohol. It certainly gave appellant no basis for assuming he might have a claim against respondents.[8]

■ We recognize that in construing "notice of a claim for contribution or indemnity" in a manner generous to appellant rather than stringently, we place on respondents the burden of gathering information about an event that occurred some 13 months before respondents learned of it, rather than some 10 months if notice time had run from receipt of the letter. However, we conclude that, even if the trial court was correct in holding that the statute applied to appellant, he complied with the 60–day statutory notice provision by serving notice on respondents within 60 days after service of the summons and

---

7. Clearly, he did not comply with the "120 days after the injury occurs" provision; his notice to respondents was served more than a year after the injury occurred. Again, we concur with the district court that "injury" in this provision means Oslund's injury resulting from the car accident.

8. We agree with the district court's observation that appellant "could still pursue his claim de-

spite the lack of timely written notice if [respondents] had actual notice of [Oslund's] claims. * * * However, there is no evidence in the record to suggest that they were aware of either the accident or [Oslund's] injuries prior to their receipt of [appellant's] written notice on March 16, 1995." (We are aware of no corresponding rule of "actual knowledge," however, that applies to one in appellant's position and thus denies him the right to receive "written notice.")

complaint upon him.[9]

## DECISION

Minn.Stat. § 340A.802, subd. 2, does not apply to third-party actions brought by vicariously liable tortfeasors against liquor vendors. Even assuming an obligation under the statute, appellant complied with it by notifying respondents within 60 days of re-

ceiving written notice of the claim against him.

**Reversed and remanded.**

[9]. Our resolution of this matter moots appellant's challenge to the constitutionality of the notice of claim provision on due process grounds. We note, however, that Minnesota statutes are presumed constitutional and are declared unconstitutional only with extreme caution and when absolutely necessary, *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989), and that this statute has already been challenged unsuccessfully on equal protection grounds. *Olson v. Blaeser*, 458 N.W.2d 113 (Minn.App.1990).