Pamela K. CHRISTENSEN, Appellant,

v.

**MOWER COUNTY, Minnesota,**
**Respondent.**

No. C3–98–1050.

Court of Appeals of Minnesota.

Dec. 22, 1998.

Peter D. Plunkett, Warren F. Plunkett & Associates, Austin, for appellant.

James L. Beattie, David Wendorf, Wendland Beattie Timmerman, P.A., Blue Earth, for respondent.

Considered and decided by DAVIES, P.J., and AMUNDSON and HARTEN, JJ.

1. The issue of official immunity was also raised at the trial court, but was not decided and is not

## OPINION

DAVIES, Judge.

Appellant sued respondent county, claiming the county negligently failed to place warning signs on the road after seal-coating. The district court entered summary judgment for the county on the grounds of statutory immunity. We reverse.

## FACTS

On September 5, 1996, employees of respondent Mower County seal-coated a section of County State Aid Highway 7 (Highway 7). This process involved covering the road with oil and limestone chips. A roller then passed over the seal-coated segment to press the limestone chips into the oil. The limestone chips were to be left for one to three weeks, so traffic could press more chips into the pavement. A sweeper would then remove the excess limestone chips.

While applying the oil and limestone chips, respondent's crew marked Highway 7 with "Roadwork Ahead" and "Fresh Oil" signs. According to respondent's engineer, the road crew followed past practice and respondent's unwritten policy by removing the road signs immediately after the roller had passed.

Around 10 p.m. on September 6, 1996, appellant was driving north on Highway 7 and came upon the section that had been seal-coated the previous day. As she approached an S-curve, appellant saw that the road surface was covered with loose limestone chips. She tapped her brakes, but her car hit the loose chips and she lost control. The car slid off the road and rolled over in the ditch. Appellant was injured.

Appellant sued respondent, alleging that its negligent failure to mark the road was the proximate cause of her accident. The trial court granted summary judgment in favor of respondent on the basis of statutory immunity. This appeal followed.[1]

before us on appeal.

## ISSUE

Did the county exercise discretion, thus triggering statutory immunity, in deciding not to mark the limestone chip-covered road with caution signs?

## ANALYSIS

■ Summary judgment may be granted only if there is no genuine issue of material fact and the law will resolve the controversy. *Naegele Outdoor Adver. Co. v. City of Lakeville*, 532 N.W.2d 249, 252 (Minn.App. 1995), *review denied* (Minn. July 20, 1995). In reviewing summary judgment, this court must view the evidence in the light most favorable to the party against whom summary judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

"Summary judgment is appropriate when a governmental entity establishes that its actions are immune from liability." *Gutbrod v. County of Hennepin*, 529 N.W.2d 720, 723 (Minn.App.1995) (citation omitted). Here, the facts relevant to discretionary immunity are undisputed. We therefore apply a de novo standard of review. *Johnson v. State*, 553 N.W.2d 40, 45 (Minn.1996).

■ Although governmental immunity from tort liability has been abrogated in Minnesota by Minn.Stat. § 466.02 (1996), a statutory exception to the general rule of liability protects the government from claims arising from its performance of, or failure to perform, a discretionary duty, even if the government unit abused its discretion or failed to exercise its discretion. Minn.Stat. § 466.03, subd. 6 (1996); *see also Anderson v. City of Minneapolis*, 287 Minn. 287, 288–89, 178 N.W.2d 215, 217 (1970) (city immune from claim arising from performance of, or failure to perform, a discretionary function).

■ This statutory immunity, also known as discretionary immunity, is intended to preserve the separation of powers and to prevent judicial branch review of exercises of legislative or executive powers. *Zank v. Larson*, 552 N.W.2d 719, 721 (Minn.1996). This immunity is narrowly construed, however, because it is an exception to the general rule of liability. *Johnson v. County of Nicollet*, 387 N.W.2d 209, 211 (Minn.App.1986).

The governmental entity raising the immunity defense bears the burden to establish that its action was discretionary. *Vrieze v. New Century Homes, Inc.*, 542 N.W.2d 62, 65 (Minn.App.1996).

■ Almost any act of government involves some exercise of discretion, but not all acts are immune. *Nusbaum v. Blue Earth County*, 422 N.W.2d 713, 719 (Minn.1988). Protected discretionary acts are those that involve balancing policy objectives such as economic, social, and political factors. *Id.* at 722.

■ Warning of hazards by placing signs is not inherently either discretionary or operational; classification depends on the factors considered in making the decision. *Steinke v. City of Andover*, 525 N.W.2d 173, 175 (Minn.1994) (choosing whether to warn public of hazards is not inherently discretionary or operational); *Holmquist v. State*, 425 N.W.2d 230, 234 (Minn.1988) (placing signs may or may not be discretionary). In this case, the question critical to statutory immunity is whether respondent's decision not to place signs marking the loose limestone chips was discretionary.

■ Adopting or forming a policy on road signage is discretionary if it involves balancing policy factors. *Zank*, 552 N.W.2d at 722 (decision to control an intersection and resulting decision as to length of traffic light sequence were both policy decisions because they involved balancing traffic flow, safety, and funding considerations). But exercising solely professional judgment as to traffic flow, or similar, non-policy factors, is not discretionary. *Nusbaum*, 422 N.W.2d at 723 (considering merely professional factors such as traffic patterns is not discretionary); *Steinke*, 525 N.W.2d at 176 (exercising only scientific or professional judgment to implement a policy manual is not discretionary).

The Manual on Uniform Traffic Control Devices (Control Devices Manual) governs road signage on Minnesota roads. *See* Minn. R. 8820.2700, subp. 1C (1997) (requiring counties to maintain signs in accordance with Control Devices Manual). In this case, respondent's engineer, John Grindeland, testified that the Control Devices Manual did not

explicitly deal with seal-coating. Respondent followed an existing county practice that Grindeland called an "unwritten policy," which was to remove signs marking seal-coated roads once the roller had passed. Grindeland stated that, in adhering to this "policy," he considered the availability of signs that in his professional judgment would be appropriate for such projects, the added "man-hour" cost of installing additional signs, the actual costs of more signs, the cost of phone calls necessary to place signs safely, and the perceived minimal threat to driver safety. On this evidence, respondent claims it exercised discretion by considering economic and safety issues.

Regardless of whether the decision not to change an existing practice rose to the level of being a policy, respondent's consideration of the cost of keeping warning signs on seal-coated roads until the danger of loose limestone chips was eliminated was not a meaningful exercise of discretion because the cost of signage appears to be de minimus and respondent offered no facts that the cost of leaving the signs in place was more than de minimis. As this court has noted, "such relatively inexpensive remedies as guardrails or warning signs * * * may not require a policy decision regarding the allocation of resources." *Nguyen v. Nguyen*, 565 N.W.2d 721, 724 (Minn.App.1997). Respondent offered no evidence that its consideration of the additional expense incurred by having signs to warn motorists of excess limestone chips reached a level of policy-making significance. Respondent thus failed to meet its burden of proving that it considered policy-making factors sufficiently meaningful to invoke discretionary immunity.[2]

## DECISION

The district court erred in ruling that the county's decision not to have road signs to warn motorists of loose limestone chips left on a recently seal-coated road was protected by discretionary immunity and granting summary judgment. The county failed to offer facts to show that the cost of warning signs

**2.** Respondent argues that it furthered public safety by not placing warning signs. While unnecessary signage may hinder the effectiveness of needed warning signs, this court disagrees that a

was significant enough to require a meaningful exercise of discretion.

**Reversed.**

road topped with a layer of loose limestone chips is a situation where caution signs would be unnecessary as a matter of law.